JOHN W. HUBER, United States Attorney (#7226)
SAM PEAD, Assistant United States Attorney (#11945)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:20mj672 JCB |
| Plaintiff, | SEALED |
| vs. | COMPLAINT |
| GREGORY ALAN NELSON, | Count I: 18 U.S.C. § 922(a)(6), False Statement During Attempted Acquisition of a Firearm |
| Defendant. | Count II: 18 U.S.C. § 922(a)(6), False Statement During Attempted Acquisition of a Firearm |
| | Count III: 18 U.S.C. § 922(a)(6), False Statement During Attempted Acquisition of a Firearm |
| | Count IV: 18 U.S.C. § 922(a)(6), False Statement During Attempted Acquisition of a Firearm |
| | Magistrate Judge Jared C. Bennett |

Before the Honorable Jared C. Bennett, United States Magistrate Court Judge for the District of Utah, appeared the undersigned, who on oath deposes and says:

1

## COUNT I
18 U.S.C. § 922(a)(6)
(False Statement During Attempted Acquisition of a Firearm)

On or about May 28, 2020, in the Central Division of the District of Utah,

GREGORY ALAN NELSON,

defendant herein, in connection with the attempted acquisition of a firearm, to wit: a F.N. 5.7 caliber semi-automatic pistol, from a licensed firearm dealer within the meaning of Chapter 44, Title 18, United States Code, knowingly made false and fictitious written statements intended and likely to deceive the firearm dealer with respect to any fact material to the lawfulness of such acquisition of the firearm, that is he falsely answered "yes" on ATF form 4473 asking whether he was the actual transferee/buyer of the firearm; all in violation of 18 U.S.C. § 922(a)(6).

## COUNT II
18 U.S.C. § 922(a)(6)
(False Statement During Attempted Acquisition of a Firearm)

On or about June 8, 2020, in the Central Division of the District of Utah,

GREGORY ALAN NELSON,

defendant herein, in connection with the attempted acquisition of a firearm, to wit: a Glock 10mm semi-automatic pistol, from a licensed firearm dealer within the meaning of Chapter 44, Title 18, United States Code, knowingly made false and fictitious written statements intended and likely to deceive the firearm dealer with respect to any fact material to the lawfulness of such acquisition of the firearm, that is he falsely answered "yes" on ATF

2

form 4473 asking whether he was the actual transferee/buyer of the firearm; all in violation of 18 U.S.C. § 922(a)(6).

## COUNT III
18 U.S.C. § 922(a)(6)
(False Statement During Attempted Acquisition of a Firearm)

On or about June 11, 2020, in the Central Division of the District of Utah,

GREGORY ALAN NELSON,

defendant herein, in connection with the attempted acquisition of a firearm, to wit: a F.N. 5.7 caliber semi-automatic pistol, from a licensed firearm dealer within the meaning of Chapter 44, Title 18, United States Code, knowingly made false and fictitious written statements intended and likely to deceive the firearm dealer with respect to any fact material to the lawfulness of such acquisition of the firearm, that is he falsely answered "yes" on ATF form 4473 asking whether he was the actual transferee/buyer of the firearm; all in violation of 18 U.S.C. § 922(a)(6).

## COUNT IV
18 U.S.C. § 922(a)(6)
(False Statement During Attempted Acquisition of a Firearm)

On or about June 17, 2020, in the Central Division of the District of Utah,

GREGORY ALAN NELSON,

defendant herein, in connection with the attempted acquisition of a firearm, to wit: a F.N. 5.7 caliber semi-automatic pistol, from a licensed firearm dealer within the meaning of Chapter 44, Title 18, United States Code, knowingly made false and fictitious written statements intended and likely to deceive the firearm dealer with respect to any fact

3

material to the lawfulness of such acquisition of the firearm, that is he falsely answered "yes" on ATF form 4473 asking whether he was the actual transferee/buyer of the firearm;; all in violation of 18 U.S.C. § 922(a)(6).

This complaint is made on the basis of investigation consisting of the following:

## Agent Background

1.          I am a Special Agent ("SA") with the Bureau of Alcohol Tobacco, Firearms and Explosives ("ATF") and have been so employed since January 2010.  I am a graduate of the Criminal Investigator Training Program and ATF Special Agent Basic Training program at the Federal Law Enforcement Training Center at Glynco, Georgia.  I have received specialized training in the enforcement of federal firearm and explosive laws. As an ATF SA, my duties and responsibilities include participating in the investigation and prosecution of persons who violate federal firearm laws and related federal criminal laws.  As an ATF SA, I have participated in the investigation and prosecution of persons who have violated federal laws.  The majority of these investigations involved firearms and/or narcotics-related violations, some involving violence, and many resulted in the execution of search warrants.

2.          Prior to being an ATF SA, I was a sworn peace officer in the State of Utah beginning in February of 2001.  As a sworn peace officer, I participated in the investigation and prosecution of many persons who violated both Utah State and federal laws.  The majority of the investigations in which I participated or handled as a peace officer involved firearms and or narcotics related violations, and many resulted in the

4

execution of search warrants.  Since 2001, I have participated in the formulation and execution of hundreds of search warrants, both federal and State, resulting in the successful seizure of contraband and prosecution of those violators involved in criminal activities.  Based on my training and experience, I am familiar with federal criminal laws.

3.      I am familiar with the facts and circumstances set forth herein as a result of my personal participation in this investigation, as well as my review of official reports and records and conversations with other law enforcement officers as more fully described below.  The facts in this affidavit come from my personal observations, my specialized training and experience, and information obtained from other agents and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.      Based on the facts set forth in this affidavit, there is probable cause to believe that **Gregory Alan NELSON** has violated 18 U.S.C. § 922(a)(6), knowingly making false representation/statements to a Federal Firearm Licensee.

### Statement of Probable Cause

1.      In July 2020, Salt Lake City ATF (UT) became aware of an individual, Gregory Alan NELSON (DOB 7/2/1988), who is believed to be involved in firearms trafficking.  This was due to the large number of similar firearms purchased in a short period of time at various entities throughout the State of Utah.  The multiple purchases were initially recognized from certain ATF multiple sale summary reports.  The Gun Control Act (GCA) of 1968 requires federal firearms

licensees (FFLs) to send a report to ATF when there is a sale of multiple firearms to the same purchaser within a certain time period.  ATF uses the information gathered from multiple sales transactions to investigate possible firearms trafficking cases. If one or more firearms recovered from a crime are part of a multiple purchase, this could be an indicator of potential firearms trafficking. A gun recovered from a crime shortly after being purchased in a multiple sale is known as a short time-to-crime ratio.  Time-to-crime is a term that refers to the time between when a firearm is purchased, and when that same firearm is recovered at a crime scene. Time-to-crime is at the heart of this complaint.

2.      During the above mentioned time period, Representatives from Sportsman's Warehouse (hereinafter SW), a FFL with numerous locations in Utah, contacted ATF and reported NELSON's firearm purchases as suspicious in nature.  This was due to the multiple purchases of like firearms in a short period of time.  SW employees also reported NELSON gave different, possibly conflicting, explanations to different SW employees during his interactions with them when making his firearm purchases.  For example, NELSON told one Cedar City, UT SW employee he was purchasing firearms for him and his wife.  NELSON then told a St. George, UT SW employee he was buying firearms for his security company.  ATF has been unable to locate any evidence suggesting NELSON is married or has any association with any security company.

3.      On 7/21/2020, Salt Lake City (UT) ATF became aware of an anonymous tip provided to the Las Vegas ATF office regarding NELSON being involved in firearms trafficking.  It was reported that NELSON was purchasing firearms in Utah and trafficking the same firearms to Las Vegas, NV.  The report was initially obtained by Las Vegas Metro Police Department, and was

then passed on to ATF personnel in the Las Vegas ATF Field Office.  Las Vegas ATF contacted

Salt Lake City (UT) ATF and passed on the information regarding NELSON.

4.      Queries in e-Trace and contact with numerous FFLs have revealed that NELSON has

purchased a significant number of firearms in 2020.  To date, at least 166 firearms are known to

have been purchased by NELSON from multiple FFLs located in Utah during 2020.  The

aforementioned 166 firearms were purchased between January 23, 2020, and August 13, 2020.

One hundred and sixteen (116) of the same firearm were purchased during the months of June

and July, 2020.  Queries of e-Trace revealed that NELSON has at least twenty (20) multiple

firearm sales transactions involving at least sixty-five (65) firearms.  Multiple e-Trace queries

conducted prior to 8/27/2020 have resulted in ten (10) traces of recovered firearms involved in

crimes, originally purchased by NELSON.  All ten (10) of these recovered firearms were

recovered within a short time-to-crime ratio of between thirteen (13) and ninety-one (91) days.

One (1) of these recovered firearms was used to commit a double murder.  The aforementioned

ten (10) ATF traces were connected to NELSON through weapons for which he was the original

purchaser, all ten (10) firearms were recovered in California.  All ten (10) firearms were

recovered in different areas of California; initial investigation of the ten (10) recovered firearms

shows no connection between these cases or to NELSON.

5.      The transactions that are specifically related to this complaint's charges are as follows:

            a.  On May 28, 2020, NELSON purchased a F.N. 5.7 caliber semi-automatic

                pistol from Sporstman's Warehouse in St. George, Utah. This gun was

                recovered on 8/27/2020 (just over 3 months time to crime) by the DEA during

narcotics distribution investigation during the course of executing a search warrant in California.

b.  On June 8, 2020, NELSON purchased a Glock 10mm caliber semi-automatic pistol from Rowdy's Range & Supply in St. George, Utah. This gun was recovered on 7/7/2020 (29 days time to crime) by the Walnut Creek Police Department during a murder investigation during the course of executing a search warrant in California.

c.  On June 11, 2020, NELSON purchased a F.N. 5.7 caliber semi-automatic pistol from Scheels in Sandy, Utah. This gun was recovered on 6/24/2020 (13 days time to crime) by the Upland Police Department, during the arrest of a subject that fled from the Police in California.

d.  On June 17, 2020, NELSON purchased a F.N. 5.7 caliber semi-automatic pistol from Gunnies in Orem, Utah. This gun was recovered on 8/2/2020 (46 days time to crime) by the East Palo Alto Police Department, during the investigation of a double murder investigation in Califronia.

6.  E-trace is an Internet-based firearm trace request submission system, developed by the ATF that provides for the electronic exchange of traced firearm data in a secure internet-based environment.

7.  NELSON currently has a valid Utah Driver's License # 228594859, and Utah Concealed Firearm Permit (CFP) # C5682741, both list an address of 270 S. Donlee Dr. #7, St. George, UT 84770.  NELSON obtained his CFP in October, 2019.  It has been confirmed through the current resident, NELSON doesn't currently live at this address.  According to the current resident for

the address of  270 S. Donlee Dr. #7 St. George, Utah, NELSON moved out in November of

2019. St. George is a 4- hour drive south of Salt Lake City, and Las Vegas is a 2-hour drive

south of St. George, UT.   NELSON has consistently used his UT CFP when making firearms

purchases.  This allows for a quick purchase of firearms and few checks by Utah BCI other than

to confirm the current validity of the UT CFP.  Utah is a point of contact state and currently there

is no option to have NELSON flagged or added to any type of law enforcement notification list.

8.        On 7/30/2020, Salt Lake City (UT) ATF made contact with a number of FFLs in the St.

George area, requesting copies of any ATF Form 4473's NELSON had completed at their

respective locations when purchasing firearms.  A Firearms Transaction Record, or Form 4473,

is a form promulgated by the ATF that is completed when a person purchases a firearm from a

FFL.  The Form 4473 requires the purchaser to show proof of name, address, date of birth,

government-issued photo ID, National Instant Criminal Background Check System (NICS)

background check transaction number, and a short affidavit stating that the purchaser is eligible

to purchase firearms under federal law. The form lists the make, model, or serial number on page

three of the six-page form. The first question on the Form 4473 requiring a "Yes" or "No"

response from the purchaser asks "Are you the actual transferee/buyer of the firearm(s) listed on

this form?"  This question is directly followed by a warning: "Warning: You are not the actual

transferee/buyer if you are acquiring the firearm(s) on behalf of another person.  If you are not

the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you." Lying on this form

is a felony and can be punished by up to ten years in prison.  On all Form 4473's completed by

NELSON that ATF currently is in possession of, NELSON has indicated he was the actual

transferee/buyer by checking the "Yes" box on the form.

9.      As of 8/21/2020, twenty (20) FFLs, all located in Utah, have been identified as locations NELSON has purchased firearms recently.  As of 8/21/2020, there were 166 firearms known to have been purchased by NELSON, ten (10) of which have subsequently been recovered in California by Police investigating various crimes.

10.      The majority of NELSON's firearm purchases have been Glock, FN, and Springfield semi-automatic pistols. A conservative estimate is that NELSON has purchased approximately $81,000.00 worth of firearms from January 23 to August 13, 2020.  Although not all receipts corresponding to each respective purchase have been obtained to date, many receipts for NELSON's purchases have been provided to ATF.  All of the provided receipts show that NELSON has exclusively paid for all of those same firearm purchases in cash.  Two (2) of the known multiple firearm purchases made by NELSON have been in excess of $7000.00.  Queries conducted thus far have resulted in no known current employment for NELSON.  Based on the information obtained during this investigation, your affiant has reason to believe this activity is ongoing and that the number of firearm purchases is higher, and could be much higher, than what is known at this time.

11.      Your affiant has training and experience related to firearms trafficking investigations and your affiant is able to explain the significance of certain firearms trafficking indicators.  The investigation of NELSON has revealed several of these firearms trafficking indicators through his purchases.  Because NELSON has no known employment for 2020, it appears NELSON does not have the monetary means to purchase the quantity of firearms he has to date, which could be an indication that NELSON is buying the pistols at the direction of and through the financing of another individual.  NELSON has repeatedly purchased duplicate models of handguns that are

not typically considered to be of collector value, including ninety-six (96) Glock pistols, which could often be an indication of straw purchases. A straw purchase is a term used to describe a firearm purchase made by a person on behalf of another person not present. Straw purchases are normally conducted when the end user/possessor is unable to possess firearms legally. Straw purchases are commonly utilized by individuals engaged in criminal activity like trafficking firearms. An additional indicator of a straw purchase is when an individual purchases duplicate models in different cities from different FFLs, which indicates that NELSON could be under certain constraints to fulfill orders for firearms placed by another person(s). Intelligence gathered to this point suggests NELSON does not reside in Utah, this would also be an indicator of straw purchasing/firearm trafficking.

12.     Based upon the totality of circumstances, evidence gathered to this point, strongly infers NELSON is not purchasing firearms for himself as represented on the ATF Form 4473's he has completed to date


*/s/ Daniel Forster*

Affiant,
Special Agent Daniel Forster - ATF

SUBSCRIBED AND SWORN to before me this 28th day of August, 2020.


Jared C. Bennett
United States Magistrate Court Judge

APPROVED:


JOHN W. HUBER
United States Attorney

11

/s/ Sam Pead

SAM PEAD
Assistant United States Attorney